THOMAS M. WHITE, Respondent, v. RICHARD T. PENDRY, Appellant.

### St. Louis Court of Appeals, April 19, 1887.

1. EQUITY—MORTGAGES, CANCELLATION OF—LIMITATIONS.—An action to cancel a mortgage, for a subsequent failure of consideration, is not barred until the expiration of ten years.

2. —— LACHES.—Courts of equity are bound by the statute of limi-

tations, unless the complainant is guilty of laches, which will, regardless of the statute, deprive him of equitable relief.

3. ——— VERDICT—APPELLATE PRACTICE.—In equitable actions, the verdict of a jury is advisory only, and appellate courts will review the testimony, and decide the case, according to equitable rules.

APPEAL from the Knox County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

O. D. JONES, for the appellant: The cause of action stated is barred in five years. Rev. Stat., sect. 3230. The mortgage is personal property, and, after default, is only security for the debt. *Pease v. Dilot,* 49 Mo. 124. An action to set it aside is one concerning personalty. *Bobb v. Woodward,* 50 Mo. 95. This is an action for relief, on the ground of fraud, and accrued when the mortgage was recorded. *Hunter v. Hunter,* 50 Mo. 445 ; *Thomas v. Matthews,* 51 Mo. 107 ; *Rogers v. Brown,* 61 Mo. 187.

J. J. McCALL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was brought to cancel a note for the sum of six hundred dollars, and a mortgage upon real and personal property, given to secure the same. The note and mortgage were executed by the plaintiff to the defendant, on the thirteenth day of December, 1875, and the mortgage was placed on record by the defendant, on the twentieth day of December, 1875. The petition charges that the mortgage was given to secure a loan of six hundred dollars, which the defendant agreed to make to the plaintiff, but that no money was ever, in fact, advanced by the defendant to the plaintiff thereunder.

The answer admits the execution of the note and

mortgage, as stated in the petition, and that the sum of six hundred dollars was not advanced by the defendant, as therein alleged, but charges that the defendant never agreed to make such an advance, but that, on the contrary, the note and mortgage were given to secure a previous indebtedness of the plaintiff; sets up the defence of laches and the statute of limitations of five years; and, by way of counter claim, prays judgment for the amount of the principal and the interest due on the note, and for a foreclosure of the mortgage. A reply put in issue the new matter set up in the answer.

The learned judge of the trial court submitted to a jury the question, whether the note was, or was not, executed for a consideration. After hearing the evidence, they returned the following verdict: "We, the jury, find that the note and mortgage were executed without any consideration." The court entered a decree reciting the trial of the cause, the submission of this issue to the jury, their finding thereon, that, in the opinion of the court, their finding was for the right party, and ordering the cancellation of the note and mortgage. The defendant appeals to this court.

I. · The evidence showed that, at the time of the giving of the note and mortgage, and long before and since, the plaintiff and the defendant were on terms of intimacy and friendship. The plaintiff was a farmer, and the land covered by the mortgage was the place where he lived; and it stands substantially admitted, in the pleadings, that it covered all the personalty he had on his place. The defendant was also a farmer, in the same neighborhood. Prior to the transaction, the defendant had, for the time, kept a drug store, in the town of Novelty, and the plaintiff had been in the habit of buying goods there on credit. On the first of January, 1873, the plaintiff gave the defendant a note for four hundred and twenty-five dollars, which the defendant testified was in settlement of his account with the defendant, *to that date*. About two months thereafter the

defendant went out of the business of keeping the drug store. This note and mortgage, it is to be remembered, were given nearly two years thereafter. The plaintiff testified positively that the consideration for which this note and mortgage were given was as follows: Certain other persons owned a three-eighths interest in the plaintiff's farm. They lived at St. Joseph, Missouri, but were in the neighborhood at the time. The plaintiff wanted to buy out their interest, and to get some additional money to stock the place, and the defendant agreed to lend him the money, on the mortgage, for that purpose, and to hand the money over whenever the persons should be brought to his house for that purpose. With that understanding, the note and mortgage were executed. But those persons, instead of selling out their interest to the plaintiff, soon thereafter sold it to one Hunsaker ; so that the trade fell through, and no money was ever, in point of fact, advanced on the note and mortgage. The plaintiff admitted that the defendant had frequently loaned him money, before and since, and there seems to be little doubt, on the testimony, that a part of the four hundred and twenty-five-dollar note, and some advances, made to the plaintiff, subsequent to the note and mortgage in controversy, amounting to one hundred and fifteen dollars, had never been paid. But these advances, according to the plaintiff's testimony, formed no part of the mortgage and note in controversy.

The defendant, on the other hand, testified positively that the consideration of the note and mortgage was goods previously sold and delivered, by him, to the plaintiff ; but, on his cross-examination, this defence broke down. He failed to explain how it was that the plaintiff could have incurred such a large amount of indebtedness, for goods, during the period (about two months) which elapsed between the settlement, by the four hundred and twenty-five dollar note, and the time when the defendant went out of business, as keeper of

the drug store; and no other sales of goods, except from the drug store, were pretended. The defendant testified that, in a fire, which took place in 1884, his books of account had been burned, so that he was not able to give the details of the mercantile transactions between himself and the plaintiff.

II.   In rebuttal, the plaintiff introduced in evidence a day book, admitted by the defendant to have been one of the books kept by him in his mercantile transactions. It seems to have covered about half the period during which the defendant was merchandizing as keeper of the drug store. It contained a long account with the plaintiff, consisting of itemized charges and credits. Nearly every one of the charges was for alcohol, bought in single quantities of a quart at a time at the rate of a dollar a quart. The plaintiff's son had already testified that his father was drinking heavily at the time. The admission of this book was objected to at the time, and error is now assigned on the ruling admitting it. We think that, in view of the defendant's testimony, the book was relevant. It tended to show that, during a very considerable period of the time, when the plaintiff was trading with the defendant, he had kept his account nearly paid up. It is true that the fact that the items of the account were mostly charges for alcohol, supplied by the defendant to the plaintiff, may have prejudiced the case of the defendant in the minds of the jury. It may, under the argument of counsel, have induced them to look upon the plaintiff as having been at that time an alcohol drunkard, indebted to the defendant, and handled and imposed upon by him. Nor does it appear in what manner the plaintiff came into possession of the book. We nevertheless think, that, in the state of the case, the admission of the book was not error for which we ought to reverse the judgment. The verdict of the jury was advisory merely, and we have power to deal with the case as chancellors, and to dismiss from our minds any evidence, whether objected to or not, that is

not competent and pertinent to the issues. Besides, the defendant, having set up the defence that this note was given in settlement of goods sold by him to the plaintiff, while keeping the drug store, and while having, on cross-examination, testified in a very unsatisfactory manner as to dates, we can not say that the entries in the book had no tendency to negative his statement, in view of the fact that the other books had been destroyed; and if the nature of the entries were otherwise prejudicial to the defendant, it is a matter which could not be avoided without depriving the plaintiff of the benefit of the evidential facts embraced in the items thus set down.

III. The defence of the statute of limitations is not available in this case. This action is not brought on the ground of fraud, within the meaning of section 3230, Revised Statutes. The plaintiff's case is consistent with the idea that the transaction was honest in its inception, and that the note and mortgage had remained uncancelled until the bringing of the suit, through the negligence of the parties. The plaintiff's action is governed by the statute of ten years. It falls within the clause of section 3229, which provides that "actions for relief not herein otherwise provided for," shall be brought within ten years. It is not the law in this state, as suggested by counsel for the appellant, that courts of equity are not bound by the statute of limitations. Such courts are bound by the statute equally with courts of law.

IV. The defence of laches, however, rests upon other grounds. Courts of equity frequently repel complaining parties where they seek equitable relief upon stale demands; but, under our system, the staleness of a demand, unless it is barred by the statute of limitations, is not alone good ground for refusing equitable relief. The staleness of the demand—the lapse of time during which the plaintiff has allowed it to slumber—is rather to be looked upon, under our system, as an evidential fact tending to impeach the *bona fides* of the demand

itself. Undoubtedly, the circuit court, on the trial, and we, on this appeal, are, upon well settled principles, to take into consideration the fact that this note and mortgage had remained uncancelled in the hands of the defendant for the period of almost ten years, the mortgage being on record during the entire time except seven days. The plaintiff's statement, that he did not know that the mortgage was on record, is scarcely to be credited, nor is it material, since he knew that the instrument had been given, and that, by its terms, it was good as between him and the defendant. But, in view of the intimacy which the whole evidence shows* had existed between the plaintiff and the defendant, their long friendship, the confidence which the plaintiff had in him, the habits of the plaintiff in respect of excessive drinking, and the fact that he was an illiterate man, we do not think that sufficient weight ought to be attached to his failure to move earlier to secure the relief which he now seeks, to overturn the case made by his evidence, supported, as it is, by the opinion of the jury and that of the trial judge, to which we must, on well settled principles, to some extent, defer. *Snell v. Harrison*, 83 Mo. 658, and cases cited.

We agree with the learned judge of the circuit court that the finding of the jury was for the right party. The fact that he owed the defendant other debts cuts no figure in the case, unless they were debts for which the note and mortgage were given. The evidence does not show that the mortgage was to secure any general or future advances, and, therefore, the inquiry must be confined to whether the plaintiff's, or the defendant's, story is the more probable. Upon this point we have no doubt. The defendant's version of it was not sustained on cross-examination, was rendered improbable by undoubted facts which were shown; and we have no difficulty in saying that it is our duty in reëxamining the case upon the facts, to uphold the

finding of the jury and the conclusion of the trial court thereon.

There was a second count in the petition setting up substantially the same facts as the first count, and claiming damages in the sum of five hundred dollars by reason of the refusal of the defendant to cancel the note and mortgage upon request. This count seems to have been entirely abandoned at the trial, and no complaint is made that there was no finding disposing of it, so that the matter of it may not be specially considered.

We, accordingly, affirm the judgment. It is so ordered.